IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**GLORIA GREATHOUSE**                                                                                  **PLAINTIFF**

v.                                    **CASE NO. 4:22-CV-00138-BSM**

**BAPTIST HEALTH**                                                                                       **DEFENDANT**

## ORDER

Baptist Health's motion for summary judgment [Doc. No. 15] is granted and Gloria Greathouse's race and age discrimination and retaliation claims are dismissed with prejudice.

## I. BACKGROUND

Greathouse is a black woman in her 60s who was a nurse at Baptist until she resigned because she believed she was going to be demoted. Def.'s Statement of Undisputed Facts ¶¶ 6, 28, Doc. No. 17 ("SUMF"); Pl.'s Br. Supp. Resp. Mot. Summ. J. Ex. A at 25, Doc. No. 23-1 ("Greathouse Dep.").[1] As a Registered Nurse (RN) II, Greathouse was required to submit a professional portfolio every year to maintain her classification. SUMF ¶ 4. If she failed to satisfy the requirements of the RN II position, she faced demotion to RN I classification and a salary decrease. *Id.* ¶ 6.

On different occasions, Greathouse expressed interest in two Baptist programs—the Emerging Leaders Program and the Green Belt Program. *Id.* ¶¶ 7, 10. Participation in these programs would not have changed Greathouse's pay or hours but may have bolstered her portfolio or helped her obtain a managerial role. *Id.* ¶¶ 9–10; Pl.'s Br. Supp. Resp. Mot.

---

[1] Page numbers in citations to the record herein reflect the internal pagination of cited documents rather than the page numbers in docket entry pdf headers.

Summ. J. 3, Doc. No. 23; Def.'s Mot. Summ. J. Ex. 1 at 53, Doc. No. 15-1. In November 2019, she submitted an application for the Emerging Leaders Program, but Michael Blassingame, her supervisor at the time, declined to submit it. SUMF ¶ 7; Pl.'s Br. Supp. Resp. Mot. Summ. J. 3. Greathouse was also not allowed to participate in the Green Belt Program, although the record does not show when she applied. SUMF ¶ 10.

Greathouse's supervisors informed her on two occasions that her coworkers and/or patients made complaints against her. SUMF ¶¶ 9–10. In January 2020, she received a written warning from Blassingame because her coworkers' complained that she behaved disrespectfully to them. *Id.* ¶ 12; Def.'s Mot. Summ. J. Ex. 4, Doc. No. 15-4. Greathouse received the second written warning from Tiffany Wilson, her supervisor at the time, on May 6, 2021, after Wilson and another manager met with Greathouse to discuss complaints by her coworkers that she was disrespectful to them, and by patients that she was dismissive and argumentative to them. SUMF ¶¶ 23–25; Def.'s Mot. Summ. J. Ex. 8, Doc. No. 15-8.

Baptist furloughed Greathouse during the COVID pandemic, between April and May 2020. SUMF ¶ 14. In October 2020, Greathouse complained to Baptist's human resources department about being furloughed, being denied opportunities to earn points for her portfolio, and being labeled an "angry person." *Id.* ¶¶ 15–16. Greathouse believed these actions were taken because of her race.

In March 2021, Greathouse submitted her annual portfolio to maintain RN II status to Wilson. SUMF ¶ 21. On May 26, 2021, two months after receiving the portfolio and ten days after issuing the second written warning, Wilson submitted Greathouse's portfolio to

the Peer Review Council, which was tasked with reviewing nurse portfolios. Greathouse Dep. at 40. Based on Baptist's portfolio guidelines, Greathouse believed that the second written warning would result in the rejection of her portfolio and a demotion to RN I. *Id.* ¶ 28. Greathouse, therefore, resigned without explanation on June 7. *Id.* ¶ 29. Ten days later, the Review Council rejected Greathouse's RN II application. *Id.* ¶ 31.

Greathouse filed a charge of discrimination with the EEOC in July 2021, and filed suit in February 2022. Compl. Ex. A, Doc. No. 1. Baptist is now moving for summary judgment.

## II.  LEGAL STANDARD

Summary judgment is appropriate when there is no genuine dispute as to any material fact, and the moving party is entitled to judgment as a matter of law. *See* Fed. R. Civ. P. 56(a); *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249–50 (1986). Once the moving party demonstrates that there is no genuine dispute of material fact, the non-moving party may not rest upon the mere allegations or denials in his pleadings. *Holden v. Hirner*, 663 F.3d 336, 340 (8th Cir. 2011). Instead, the non-moving party must produce admissible evidence demonstrating a genuine factual dispute requiring a trial. *Id.* All reasonable inferences must be drawn in a light most favorable to the nonmoving party. *Holland v. Sam's Club*, 487 F.3d 641, 643 (8th Cir. 2007). The evidence is not weighed, and no credibility determinations are made. *Jenkins v. Winter*, 540 F.3d 742, 750 (8th Cir. 2008). "[S]ummary judgment is not disfavored and is designed for 'every action' . . . including [those] alleging discrimination . . . ." *Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986)).

III.  DISCUSSION

A.      Age Discrimination

Summary judgment is granted on Greathouse's age discrimination claim because she failed to timely exhaust it.  Before filing a Title VII lawsuit, the plaintiff must timely file a charge of discrimination with the EEOC or a comparable agency.  *Richter v. Advance Auto Parts, Inc.*, 686 F.3d 847, 850 (8th Cir. 2012).  The charge must be filed within 180 days of the discriminatory acts at issue.  42 U.S.C. § 2000e-5(e)(1).  Greathouse's claim that Blassingame denied her application to the Emerging Leaders Program while submitting the application of a white employee with "less experience and less seniority" could support an age discrimination claim.  *See* Pl.'s Br. Supp. Resp. Mot. Summ. J. 3.  Those events, however, occurred in November 2019, more than a year and a half before Greathouse filed her EEOC charge in July 2021.  SUMF ¶ 7; Pl.'s Br. Supp. Resp. Mot. Summ. J. 3; Compl. Ex. A.  Consequently, the charge was not filed in time for her to pursue this claim.

B.      Race Discrimination

*1. Participation in Emerging Leaders and Furlough Claims*

Summary judgment is granted on Greathouse's claims that she was denied the opportunity to apply for the Emerging Leaders Program in November 2019 and that she was furloughed in April and May 2020 because she failed to timely exhaust them.  As previously noted, Greathouse was required to file her EEOC charge within 180 days of the date of the discriminatory act.  These claims are untimely because she filed her charge in July 2021.

4

*2. Remaining Claims*

Summary judgment is granted on Greathouse's remaining race claims because she has failed to meet her burden under the familiar *McDonnell Douglas* burden-shifting analysis. *See McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). In that Greathouse presents no direct evidence of discrimination, *see Torgerson*, 643 F.3d at 1046 (citing examples of direct evidence of discrimination), she can only survive the motion for summary judgment by creating an inference of discrimination. To do so, she must first establish a *prima facie* case of discrimination. *Fields v. Shelter Mut. Ins. Co.*, 520 F.3d 859, 864 (8th Cir. 2008). To meet this burden, she must show that: (1) she is a member of a protected class; (2) she was meeting her employer's legitimate job expectations; (3) she suffered an adverse employment action; and (4) similarly situated employees outside the protected class were treated differently. *Id*. By establishing a *prima facie* case, Greathouse creates a presumption that Baptist Health engaged in unlawful discrimination, which would require Baptist Health to provide a legitimate, nondiscriminatory reason for its actions. *McGinnis v. Union Pac. R.R*, 496 F.3d 868, 873 (8th Cir. 2007). If Baptist articulates such a reason, the burden shifts back to Greathouse to show that Baptist's proffered reasons are pretextual. *Id*.

Greathouse satisfies the first and third elements because she is black, and because the May 2021 warning appears to have led to her demotion to RN I. Def.'s Br. Supp. Mot. Summ. J. 7; SUMF ¶ 28; Greathouse Dep. at 25; *see Burchett v. Target Corp.*, 340 F.3d 510, 518 (8th Cir. 2003) (a "negative performance review" is actionable if "subsequently use[d] . . . to alter the terms or conditions of employment to the detriment of the employee").

Whether Greathouse was meeting Baptist's legitimate expectations is in dispute. On one hand, Baptist hired Greathouse as an RN II and approved her portfolios to maintain that position for three straight years. *See* SUMF ¶¶ 1, 4, 12; *Haigh v. Gelita USA, Inc.*, 632 F.3d 464, 470 (8th Cir. 2011) (possessing the basic skills to perform the job is enough to meet this burden). On the other hand, her coworkers and patients complained that she was dismissive, disrespectful, and argumentative to them. *See* SUMF ¶¶ 12, 25; *Robinson v. Am. Red Cross*, 753 F.3d 749, 755 (8th Cir. 2014) (plaintiff who received complaints for unprofessional behavior and hostility toward coworkers and patients failed to meet this burden).

Notwithstanding this factual dispute, summary judgment is appropriate because Greathouse has not shown that similarly situated white employees were treated differently. Greathouse must show that a white employee's misconduct was "of comparable seriousness" and that she was "similarly situated in all relevant respects." *Barber v. C1 Truck Driver Training, LLC*, 656 F.3d 782, 797 (8th Cir. 2011). Employees with different positions and job duties are not similarly situated. *Riser v. Target Corp.*, 458 F.3d 817, 822 (8th Cir. 2006).

Summary judgment is appropriate on Greathouse's claim that Baptist discriminated against her when Wilson held her portfolio for two months in 2021 before submitting it to the Review Council because she has failed to show that Wilson timely submitted the portfolio of a white RN II who was facing similar patient and coworker complaints.

Similarly, summary judgment is appropriate on Greathouse's claim that Baptist discriminated against her when it failed to address her concerns that white subordinates were

refusing to follow her instructions because she has failed to show that Baptist addressed similar concerns by a similarly situated white employee. Pl.'s Br. Supp. Resp. Mot. Summ. J. 13–14; Greathouse Dep. at 48–49. Although Greathouse identifies two white subordinates who failed to follow her orders, she has failed to show that the first white subordinate was not disciplined for her actions or was disciplined more leniently than a white supervisor's insubordinate employee. Def.'s Mot. Summ. J. Ex. 5. With respect to the second white subordinate, who refused Greathouse's request to perform duties associated with a different position, Greathouse has failed to show that Baptist sided with a similarly situated white supervisor in a comparable situation. Pl.'s Br. Supp. Resp. Mot. Summ. J. 14.

Summary judgment is appropriate on Greathouse's claim that Baptist discriminated against her when it failed to allow her to participate in the Green Belt Program because she has identified no similarly situated white employee who was allowed to participate in it.

Summary judgment is appropriate on Greathouse's claim that Baptist discriminated against her when it issued the May 2021 warning. In support of this claim, Greathouse has identified three comparators: Ryan Walker, who used derogatory language toward a patient; Donna Neil, who had a heated argument with a coworker; and Kourtney Stevenson, who argued with a patient. Pl.'s Br. Supp. Resp. Mot. Summ. J. 14–15. Greathouse, however, has failed to present admissible evidence that these employees were treated more leniently than she was. Def.'s Reply Supp. Mot. Summ. J. 3, Doc. No. 24. *See Ridout v. JBS USA, LLC*, 716 F.3d 1079, 1085–86 (8th Cir. 2013) (plaintiff must establish that "she was treated differently than other employees whose violations were of comparable seriousness").

Although Greathouse states that Walker told her Blassingame defended him to human resources after a patient complained that he used derogatory language, this statement is inadmissible hearsay. Pl.'s Br. Supp. Resp. Mot. Summ. J. 14; Greathouse Dep. at 70. Greathouse "may identify evidence at summary judgment that would be inadmissible at trial" only if she "demonstrate[s] that the evidence may be offered at trial in an admissible form," which she has failed to do. *Smith v. Kilgore*, 926 F.3d 479, 485 (8th Cir. 2019). Consequently, this statement cannot be considered. Even if this statement were considered, Walker is not similarly situated to Greathouse because he had one negative contact with one patient, while Greathouse had multiple negative contacts with patients and coworkers.

Even if Greathouse met her *prima facie* case burden, Baptist's proffered legitimate non-discriminatory reason for issuing the May 2021 written warning: namely, that there were multiple complaints by patients and coworkers about Greathouse's behavior, *see Young v. Builders Steel Co.*, 754 F.3d 573, 577 (8th Cir. 2014); SUMF ¶¶ 12, 25, is not pretextual. This is true because Greathouse has failed to show that a similarly situated white employee was treated differently.

    C.    Retaliation

Summary judgment is granted on Greathouse's retaliation claim. To establish a *prima facie* case of retaliation, Greathouse must show that: (1) she engaged in protected conduct; (2) she suffered a materially adverse employment action; and (3) retaliation for the protected conduct is the "but for" cause of the adverse employment action. *See Jackman v. Fifth Jud. Dist. Dep't of Corr. Servs.*, 728 F.3d 800, 804 (8th Cir. 2013). Greathouse meets the first

element because she complained to Baptist's human resources department that she was being treated unfairly. *See Pye v. Nu Aire, Inc.*, 641 F.3d 1011, 1020 (8th Cir. 2011) (filing an "internal discrimination complaint qualifies as protected conduct"). She also meets the second element because she suffered several adverse employment actions. Greathouse, however, has not shown that her October 2020 complaint to human resources was the "but for" cause of the adverse employment actions.

In support of her claim, Greathouse appears to argue that retaliation can be inferred based on the proximity between her October 2020 complaint and the adverse employment actions taken against her. Pl.'s Br. Supp. Resp. Mot. Summ. J. 20. The problem with her argument is that "more than a temporal connection between the protected conduct and the adverse employment action is required to present a genuine factual issue on retaliation." *Anderson v. KAR Glob.*, 78 F.4th 1031, 1037 (8th Cir. 2023) (citation omitted). Moreover, "[t]he inference [of retaliation] vanishes altogether when the time gap between the protected activity and the adverse employment action is measured in months." *Tyler v. Univ. of Ark. Bd. of Trs.*, 628 F.3d 980, 986 (8th Cir. 2011). No inference of retaliation can be drawn because Greathouse's complaint was filed more than five months before any of the alleged acts of retaliation were taken.

## IV.  CONCLUSION

For the foregoing reasons, Baptist Health's motion for summary judgment is granted and Greathouse's claims are dismissed with prejudice.

IT IS SO ORDERED this 22nd day of November, 2023.

_____
UNITED STATES DISTRICT JUDGE